## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL ACTION NO. 5:13-CR-00084-KDB-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **KERSTON DESHAWN EDWARDS,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's letter docketed as "Pro Se Letter Motion to Modify Sentence for State Charges to Run Concurrent to Federal Charges." (Doc. No. 44). By his letter, Defendant asks the Court to recommend any state sentence he received run concurrent to his federal sentence and/or he receive credit on his federal sentence for his state time.

This Court's Judgment is silent as to whether Defendant's federal sentence is to be served consecutively or concurrently with his state sentence. Pursuant to *Setser v. United States*, 566 U.S. 231, 236-37 (2012), a federal district court has the discretion to order a defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. But this Court and others have held that "there is no basis to conclude that the decision in *Setser* would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in *Setser* contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons." *United States v. Short*, No. 1:08-CR-446, 2014 WL 645355, at *1 (M.D.N.C. Feb. 18, 2014); *see also United States v. Love*, No. 3:18-CR-00178-MOC-DSC, Doc. No. 49 (Aug. 28, 2020). "There will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons

comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [Defendant's] confinement. [Defendant] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus." *Setser*, 566 U.S. at 244 (internal citations omitted).

To the extent Defendant challenges any specific computation of his federal sentence, the Attorney General (not the sentencing court) is responsible for computing a prisoner's credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that Attorney General, through the BOP, and not the sentencing court, calculates credit for time served). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the BOP. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. *Id.* Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, Defendant should address his inquiries regarding the status of his sentence to the BOP. Once his BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement through a § 2241 motion.

**IT IS THEREFORE ORDERED** that Defendant's letter docketed as "Pro Se Letter Motion to Modify Sentence for State Charges to Run Concurrent to Federal Charges," (Doc. No. 44), is **DENIED.**

Signed: July 27, 2021

Kenneth D. Bell
United States District Judge