IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CR-00084-KDB-DSC

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KERSTON DESHAWN EDWARDS,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant Kerston Deshawn Edward's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 53). Defendant seeks compassionate release on three grounds, which he contends separately or collectively constitute "extraordinary and compelling reasons" for a reduction in his sentence. Specifically, he argues: 1) he is not a career criminal offender under current law, 2) his sentence has been harsher than anticipated because of the COVID-19 pandemic, and 3) his rehabilitation and post sentencing progress justify a reduction. However, because Mr. Edwards fails to develop the latter two arguments, the Court will only fully address the first argument here. After a full and careful review of Mr. Edward's particular circumstances and the entire record, the Court finds that there are not extraordinary and compelling reasons to reduce his sentence under 18 U.S.C. § 3582(c).

Mr. Edwards is a 34 year-old male serving his prison sentence at FCI Bennettsville in South Carolina. In 2014, after pleading guilty to possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a), (b)(1)(B), (Doc. No. 25), he was sentenced to 188 months of

imprisonment followed by four years of supervised release, (Doc. No. 35). According to the Bureau of Prisons' website, his scheduled release date is March 25, 2027.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

Because there have not been any policy statements promulgated by the Sentencing Commission since enactment of the First Step Act,[1] district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). "In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release. *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Relevant to this case, in reviewing a motion for compassionate release, the Court may also consider nonretroactive Sentencing Guidelines amendments and whether a defendant would no longer qualify for career offender status. *See Concepcion v. United States*, 142 S.Ct. 2389, 2403 (collecting cases).

---

[1] The Sentencing Commission has proposed an amendment to U.S.S.G. 1B1.13 to address prisoner filed motions for compassionate release that will go into effect on November 1, 2023, absent contrary action by Congress.

## I. Defendant Fails to Present Extraordinary and Compelling Reasons for Compassionate Release or Reduction of Sentence.

Mr. Edwards argues that his allegedly erroneous designation as a career criminal offender constitutes an extraordinary and compelling reason to reduce his sentence. He first asserts that he is not a career criminal offender because he did not face the maximum aggravated penalty of ten years' imprisonment in either of his underlying offenses. Section 401(a)(1)(57)(A-B) of the First Step Act provides that

> [t]he term 'serious drug felony' means an offense described in section 924(e)(2) of title 18, United States Code, for which— "(A) the offender served a term of imprisonment of more than 12 months; and "(B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

A defendant's prior conviction constitutes a qualifying predicate felony if he "could have received a sentence of greater than one year." *United States v. Kerr*, 737 F.3d 33, 38 (4th Cir. 2013). This holds true even when the defendant's actual sentence was less than one year. *See United States v. Leach*, 446 F. App'x 625, 626 (4th Cir. 2011). An analysis of the maximum possible sentence for the underlying offense requires examining "three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." *Kerr*, 737 F.3d at 39 (quoting *United States v. Simmons*, 649 F.3d 237, 247 n.9 (4th Cir. 2011)). Contrary to Mr. Edward's claim, the applicable sentencing range only helps determine what the presumptive maximum sentence would have been; he need not actually have faced the maximum of the aggravated sentencing range. Here, Mr. Edwards was sentenced to 15-18 months of imprisonment in both of his underlying drug-related felonies and his release from those terms of imprisonment was within 15 years of the commencement of the instant offense. (*See* Doc. No. 32, at 7). Accordingly, Mr. Edwards was properly classified as a career criminal offender.

Mr. Edwards next contends that the United States Sentencing Commission ("U.S.S.C.") does not believe the career offender guideline should apply to defendants such as Mr. Edwards. In 2016, the U.S.S.C. recommended differentiating between career offenders with different types of criminal records (*i.e* non-violent drug offenses, mixed offenses, and violent offenses) and focusing on violent offenders, saying that "[c]areer offenders qualifying only on the basis of 'drug trafficking offenses' should not categorically be subject to the significant increases in penalties required by the career offender directive." *Federal Sentencing of Career Offenders*, U.S.S.C. (July 28, 2016), https://www.ussc.gov/research/congressional-reports/2016-report-congress-career-offender-enhancements (last visited Oct. 23, 2023). However, the Court finds it persuasive that Congress, when it enacted the First Step Act two years after the publication of this report, did distinguish between drug-related career offenders and violent career offenders. *See* First Step Act of 2018, PL 115-391, 132 Stat. 5194, § 401(a)(1) (explaining the different criteria for a "serious drug felony" and a "serious violent felony"). If Congress had wanted to adopt the U.S.S.C.'s recommendations more broadly, it would have chosen to do so.

Mr. Edwards lasts asserts that USSG Amendment 782 allows the Court to reduce his sentence. Amendment 782 reduces the base offense level of drug offenses by two levels. *See United States v. Muldrow*, 844 F.3d 434, 436 (4th Cir. 2016) (citing U.S.S.G., app. C., amend. 782 (2014)). However, "[a] district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline." *United States v. France*, 637 F. App'x 733, 734 (4th Cir. 2016) (citations omitted). As discussed above, the Court finds that Mr. Edwards was properly designated a career criminal offender and therefore the Court cannot reduce his sentence under Amendment 782.

In sum, the Court finds that Mr. Edwards has not presented extraordinary and compelling reasons justifying a reduction in his sentence.

## II. Section 3553(a) Factors Weigh Against a Reduction in Sentence.

During his period of incarceration, Mr. Edwards attests that he has faced undue severity of his sentence due to the COVID-19 pandemic and says his rehabilitative efforts counsel in favor of reducing his sentence. However, he does not address either argument in his motion, (*see* Doc. No. 53), and so the Court has no basis to judge his circumstances or find that his efforts at rehabilitation outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a danger to the public by involving large amounts of crack cocaine. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

**IT IS, THEREFORE, ORDERED**, that the Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 53), is **DENIED.**

       **SO ORDERED.**

Signed: October 31, 2023

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge